# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | Criminal No.: 5:12-cr-810-JMC-1 |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Gerald Decosta Whaley, ) | |
| ) | |
| Defendant. ) | |

Defendant Gerald Decosta Whaley is currently serving a sentence of 262 months in the Bureau of Prisons ("BOP") at the United States Penitentiary in Yazoo, Mississippi ("USP Yazoo") for possessing firearms in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i). (ECF Nos. 243 at 1; 305; 324 at 11.)

The matter before the court is Defendant's *pro se*[1] Motion for Sentence Modification under 18 U.S.C. § 3582.[2] (ECF No. 324.) Defendant asks this court to modify his sentence to time-served. (*Id.*) For the reasons set forth below, the court **DENIES** Defendant's Motion for Sentence Modification.

## I.     RELEVANT BACKGROUND

On October 18, 2012, a Grand Jury indicted Defendant on four (4) counts. (ECF No. 1.) Count One charged that Defendant knowingly and intentionally conspired with two (2) co-Defendants to possess with the intent to distribute and distribution of felonious quantities of

---

[1] The court recognizes that Defendant, as a *pro se* litigant, is to be treated with deference. *See Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). As such, his Motion is to be liberally construed. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002); *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir. 1994).

[2] 18 U.S.C. § 3582(c) creates a vehicle for sentence modification. Motions under this section are frequently referred to as "Motions for Compassionate Release." *United States v. Pack*, No. 2:17-cr-20002-SHM, 2020 WL 2174447 (W.D. Tenn. 2020).

1

marijuana, MDMA, and cocaine between 2006 and 2012. (ECF No. 243 at 4 ¶ 2.) Counts Two, Three, and Four implicate actions which occurred on August 26, 2012, and charge that Defendant knowingly and intentionally possessed with intent to distribute 46.2 grams of marijuana (ECF Nos. 1 at 2-3; 243 at 4 ¶ 3, 14 ¶ 42), and "a quantity of Alprazolam", in addition to possessing a Ruger LCP, and a Glock 21, illegally and in furtherance of the foregoing drug charges. (ECF No. 243 at 4 ¶¶ 3-5.) On February 12, 2013, after being arrested at his home that morning, Defendant pleaded not guilty to all charges. (ECF No. 21 at 1.)

At approximately 9:15 a.m. on February 12, 2013, officers from the Drug Enforcement Agency served a warrant at Defendant's residence in Orangeburg, South Carolina. Defendant was arrested after officers seized eight (8) firearms, approximately five (5) pounds of marijuana, and over $100,000.00 in United States currency. (ECF No. 243 at 7 ¶ 17.)

On February 18, 2013, the Government filed an Information pursuant to 21 U.S.C. § 851 notifying Defendant that he was subject to increased penalties based on prior convictions.[3] (ECF No. 34.) In the Information, the Government listed two (2) of Defendant's prior convictions as the basis for placing Defendant on notice of possible, future sentencing enhancements: the first, a 2003 conviction in North Carolina for attempt to traffic marijuana; and the second, a 2007 conviction in South Carolina for manufacturing marijuana and possessing marijuana and ecstasy. (*Id*.) On February 21, 2013, the Government amended the Information, adding a third prior conviction based on Defendant's August 26, 2012 arrest and subsequent conviction under South Carolina law.[4] (ECF No. 43.) Convictions (2) and (3), as listed in the Amended Information, were

---

[3] 21 U.S.C. § 851 provides for "Procedures to Establish Prior Convictions."
[4] On January 17, 2013, the state trial court sentenced Defendant for actions taking place on August 26, 2012, to eight (8) years suspended upon ninety (90) days to be served on weekends, and five (5) years of probation for possession with intent to distribute marijuana in addition to other non-controlled substance offenses. (ECF No. 243 at 14 ¶ 42.)

2

later designated "controlled substance offen[s]es" and were used during sentencing to determine Defendant's status as a "career offender" pursuant to United States Sentencing Guideline § 4B1.1. (ECF Nos. 43 at 1 ¶¶ 2-3; 243 at 11 ¶ 36; 14 ¶ 42.)

On April 16, 2013, the Grand Jury indicted Defendant on three (3) additional charges, bringing the total number of counts in the Superseding Indictment to seven (7). (ECF No. 66.) Charges Five through Seven pertained to the DEA's warrant served at Defendant's residence on February 12, 2013, and implicated conspiracy to distribute and possession with intent to distribute felonious quantities of marijuana and cocaine along with multiple firearms in furtherance of those crimes. On January 14, 2014, Defendant signed a written Plea Agreement, pleading guilty to Count Six of the Superseding Indictment alleging a violation of 18 U.S.C. § 924(c)(1)(A)(i).[5] (ECF No. 209 at 1.) In the Agreement, Defendant admitted to possessing multiple firearms in connection with a drug trafficking offense. (*Id.*) On April 30, 2014, the court sentenced Defendant to 262 months in the BOP and five (5) years of subsequent supervised release.[6] (ECF No. 244.)

On May 4, 2020, Defendant filed his first Motion for Modification of Sentence under 18 U.S.C. § 3582(c), requesting to serve the remainder of his sentence in home confinement. (ECF No. 318.) Defendant claimed that he was at an elevated risk of adverse outcomes from COVID-

---

[5] Count Six charges that "on or about February 12, 2013, in the District of South Carolina, the defendant Gerald Decosta Whaley knowingly did possess firearms in furtherance of drug trafficking crimes, those being conspiracy to possess with intent to distribute and to distribute marijuana and cocaine, and possession with intent to distribute marijuana and cocaine . . . in violation of 18 U.S.C. § 924(c)(1)(A)(i)." (ECF No. 243 at 1.)

[6] Per the Presentence Investigation Report filed on April 30, 2014, Defendant's prior record amounted to an initial criminal history category IV. (ECF No. 243 at 14 ¶¶ 43-46.) Because the instant offense to which Defendant pleaded guilty occurred while Defendant was under a criminal justice sentence for a prior conviction, his initial criminal history score was raised to category V. (*Id.*) Additionally, the Presentence Investigation Report labeled two (2) of Defendant's prior convictions as "controlled substance offenses" and these were used to designate Defendant as a "career offender" under U.S.S.G. § 4B1.1. (ECF No. 243 at 11-14 ¶¶ 36, 42.) Such designation elevated Defendant's criminal history into category VI. (*Id.*)

3

19 infection due to insulin-dependent diabetes, high blood pressure, and obesity; and that such risk presented an "extraordinary and compelling" reason for modification of his sentence. (*Id.*) The court, in denying the Motion without prejudice, found that Defendant fell short of presenting "extraordinary and compelling" reasons for modification of his sentence while expressing sympathy for Defendant's medical conditions. (ECF No. 321.)

In the instant Motion, Defendant again raises his concerns about risks brought about by the COVID-19 pandemic while also asking the court to consider the severity of his sentence, alleged errors in his sentencing, and the location and circumstances of his present confinement as a basis for the court to modify his sentence. (ECF No. 324.)

## II. LEGAL STANDARD

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits the court to reduce a sentence in extraordinary and compelling circumstances. *Id.* "As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify a criminal defendant's sentence for 'extraordinary and compelling reasons' 'upon motion of the Director of the Bureau of Prisons' or 'upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Feiling*, 453 F. Supp. 3d 832, 837 (E.D. Va. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)(i)).

"By its plain language, § 3582(c)(1)(A) requires defendants to first exhaust administrative remedies or wait thirty days after requesting that the warden of their facility file a motion for a

4

sentence reduction; however, courts have waived this requirement when enforcing it would prove futile." *Id.*; *see also United States v. Kibble*, 992 F.3d 326, 330 n.2 (4th Cir. 2021).

"Extraordinary and Compelling Reason[s]" for release are—in part—defined in application notes (1)(A-D) of U.S.S.G. § 1B1.13. These reasons include whether (A) defendant suffers from a terminal illness, serious medical condition, serious functional or cognitive impairment, or deteriorating mental or physical health due to age which renders them unable to provide self-care; (B) defendant is a defined age or has served a defined percentage of their sentence; (C) certain family circumstances compel the court; or (D) there exists some "other" extraordinary and compelling reason. *See id*. The policy statement further provides that, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason[.]" U.S.S.G. § 1B1.13 cmt. n.3.

As the plain language of § 1B1.13 applies only to motions brought by the BOP on the defendant's behalf, it is not applicable to motions for compassionate release brought by the defendant on their own behalf. *United States v. McCoy*, 981 F.3d 271, 281–83 (4th Cir. 2020). While the policy statements "remain helpful guidance" in evaluating defendant's own motions, courts retain the discretion to make their own independent determinations of what constitutes an "extraordinary and compelling reason[]" under § 3582(c)(1)(A). *Id*; *United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020).

After discerning whether extraordinary and compelling reasons exist, the court considers § 3553(a)'s sentencing factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established [per the applicable guidelines] . . . (5) any pertinent policy statement [by the Sentencing Commission]; (6) the need to avoid unwarranted sentence disparities among

5

defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Finally, the court may consider whether a person presents a "danger to the safety of any other person or the community" under the balance of four (4) factors: (1) "the nature and circumstances of the offense," with attention to the instant crime's level of violence or involvement with a controlled substance; (2) "the weight of the evidence against the" defendant; (3) the defendant's "history and characteristics"; and (4) "the nature and seriousness of the danger posed to any person or the community" upon the defendant's release. 18 U.S.C. § 3142(g).

### III.     ANALYSIS

#### A.     Exhaustion Requirement

As an initial matter, the court finds Defendant properly exhausted his administrative remedies before bringing the instant Motion before the court. 18 U.S.C. § 3582(c). On December 3, 2020, Defendant requested relief from the Warden of USP Yazoo, and waited more than thirty (30) days from the Warden's receipt of the request before bringing his Motion for Compassionate Release. (*See* ECF No. 324 at 20.) Thus, the court turns to the various substantive sources from which Defendant seeks a sentence modification.

#### B.     Sentence Modification

##### 1.   *COVID-19*

The court finds Defendant has not presented "extraordinary and compelling" reasons for granting modification of his sentence based upon the COVID-19 pandemic. (ECF No. 324 at 1.) Defendant claims he "suffers from several medical conditions making his contraction of COVID-19 an otherwise more serious health event, including a greater chance of death." (*Id.*) Defendant,

however, does not specify these conditions or discuss his health with particularity.[7] And while Defendant points to the alleged prevalence of COVID-19 in his facility and the inability of the BOP to provide sufficient and timely medical care, the court observes there are currently only four (4) active COVID-19 cases at Defendant's facility; there have been two (2) deaths at his facility since the beginning of the pandemic; and the BOP continues to administer COVID-19 vaccines to inmates.[8] *BOP's Website for Covid-19 Information and Statistics*. www.bop.gov/coronavirus (last visited July 26, 2021). For these reasons, the court finds that Defendant has not presented "extraordinary and compelling" reasons for a sentence modification due to COVID-19.

2. *Error in Sentencing*

Next, Defendant stresses the court committed a sentencing error that amounts to an "extraordinary and compelling" reason for modifying his sentence. (ECF No. 324 at 2.) Specifically, Defendant claims that his 2003 conviction in North Carolina for attempt to traffic marijuana did not meet the criteria for a "control[led] substance offense" and was thus improperly used as a prior conviction in determining his status as a "career offender" pursuant to U.S.S.G. § 4B1.1.[9] (*See* ECF No. 243 at 11 ¶ 35.)

---

[7] In his previous Motion under § 3582(c), which the court denied, Defendant specified three (3) medical conditions from which he suffers: insulin-dependent diabetes, obesity, and high-blood pressure. (ECF No. 318.) The court found these conditions did not warrant compassionate release for Defendant; if Defendant is referencing these same conditions in the instant Motion, the court stands by its prior decision. (*Id*.)

[8] Additionally, there are zero (0) active cases among staff at USP Yazoo. *BOP's Website for Covid-19 Information and Statistics*. www.bop.gov/coronavirus/ (last visited July 26, 2021). Vaccines are being distributed as available. *Id*. To date, 1,926 of the total 3,579 inmates at Federal Corrections Center at Yazoo, MS of which USP Yazoo is a part, are fully vaccinated and the BOP at large, reports that all allotted vaccine doses have been administered. *Id*. The BOP is not publishing statistics regarding partially vaccinated inmates on its website at this time. *Id.*

[9] U.S.S.G. § 4B1.1(a) states, "[a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence

7

Here, however, the court determines it committed no error regarding Defendant's sentencing. Following a thorough review of the record, the court finds: Defendant's 2003 conviction was in fact not used during sentencing under § 4B1.1.; the two (2) prior convictions actually used by the Government pursuant to U.S.S.G. § 4B1.1 were (and still would be) properly established "controlled substance offenses"; and that Defendant's sentence was otherwise entered in accordance with the law.[10] (ECF No. 243 at 11, 14.) Consequently, Defendant has not presented an "extraordinary and compelling" reason for modifying his sentence.

3. *Sentence Disparity*

Relatedly, Defendant insists he would be subject to a lesser period of imprisonment if sentenced today. (*See* ECF No. 324.) The United States Court of Appeals for the Fourth Circuit has opined that, in certain circumstances, a gross sentencing disparity between a previously imposed sentence and "the sentence[] Congress now believes to be an appropriate penalty for . . . [Defendant's] conduct" may amount to extraordinary and compelling circumstances. *McCoy* 981 F.3d at 285. Yet the court has identified no substantial disparity between Defendant's original sentence and the sentence he would face today. Indeed, the court observes that Defendant's sentence was not the product of a single, isolated act, but instead fell on a timeline of numerous other similar felony offenses within the span of a decade. Accordingly, the court concludes no

---

or a controlled substance offense." U.S.S.G. § 4B1.1(a). Section 4B1.2(b) then states, "[t]he term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2.

[10] Defendant appears to mistake the convictions listed on the Government's Amended Information pursuant to 21 U.S.C. § 851 (ECF No. 43), which notified him of possible increased penalties, with the convictions used during sentencing under U.S.S.G. § 4B1.1 as specified in his Presentence Investigation Report (ECF No. 243 at 11 ¶ 36, 14 ¶ 42).

sentence modification is warranted due to an alleged sentencing disparity.

    4.    *Location of Incarceration*

Defendant also asks the court to consider that his facility is more than 500 miles away from his home, in violation of the 18 U.S.C. § 3621 (as amended by the First Step Act in 2018), and thus is an "extraordinary and compelling" circumstance. (ECF No. 324 at 11-12.) However, this section makes clear that a prisoner shall be placed "in a facility as close as practicable to the prisoner's primary residence, and *to the extent practicable*, in a facility within 500 driving miles of that residence." 18 U.S.C. § 3621(b) (emphasis added). While the court has sympathy for those housed far from their primary residences, adherence to a "500-mile rule" is subject to weighing numerous practical factors by the BOP. *Id*. Further, the statutory language makes plain that § 3621(b) provides the BOP a practicable *guideline* as opposed to a strict *mandate*.[11] Therefore, the court finds Defendant has not demonstrated the location of his incarceration is an "extraordinary and compelling" reason for granting a modification of sentence. (ECF No. 324 at 11.)

    5.    *USP Facility Classification*

Lastly, Defendant asks the court to consider the disparity between his alleged classification as a "low" security inmate and his incarceration in a USP high security facility as an "extraordinary and compelling" circumstance. (*Id.*) Defendant claims that, given his "record of clear conduct and programming to the extent available[,]" his confinement to a high security facility is "pun[i]tive and retaliatory." (*Id.*) Yet Defendant goes on to undercut this claim, as he points out that USP Yazoo is one of the few BOP facilities in the nation where a significant portion of the

---

[11] 18 U.S.C. § 3621(b) provides that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." As such, this court evaluates the location of Defendant to the extent that it could be an "extraordinary and compelling" reason within the meaning of § 3582(c). 18 U.S.C. § 3582.

9

population "are [at] a variety of custody levels." (*Id.*)  The court finds such circumstances, including the classification of Defendant's facility within the BOP, simply do not warrant a sentencing modification.[12]

## IV.     CONCLUSION

Upon careful consideration of the entire record, the court hereby **DENIES** Defendant Gerald Decosta Whaley's Motion for a Sentence Modification under 18 U.S.C. § 3582. (ECF No. 324.)

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

August 9, 2021
Columbia, South Carolina

---

[12] Because the court finds Defendant has presented no "extraordinary and compelling" reasons for granting a sentence modification, it need not consider the relevant § 3553(a) factors or an assessment of whether Defendant poses a potential danger to the safety of others per the factors in § 3142(g).  *See* 18 U.S.C. §§ 3142, 3582(c); U.S.S.G. § 1B1.13.

10